**Howard M. KEETON and Hazel L. Keeton, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 8954.

United States District Court
D. Colorado.
Aug. 5, 1966.

John B. Barnard, Denver, Colo., and Walter Wagenhals, Boulder, Colo., for plaintiffs.

Lawrence Doxsee, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## OPINION

BOHANON, District Judge.

This is a civil action for the refund of $63.63 income tax paid by Howard M. and Hazel L. Keeton for the taxable year 1963, plus interest.

The question involved is whether certain monthly payments to Colorado State Patrolman Keeton are excludable from his gross income under Sec. 119 of the Internal Revenue Code of 1954,[1] as to meals furnished him by his employer, allegedly for the convenience of his employer on the business premises of his employer.

Howard M. Keeton and his wife Hazel filed a joint income tax return for the taxable year 1963. Howard M. Keeton will be referred to as "Taxpayer," since his wife Hazel is a party solely because she filed a joint return with her husband.

During 1963 the Taxpayer was employed as a patrolman by the Colorado State Patrol and received from his employer for that year the sum of $5,916 as salary, plus $600 pursuant to Sec. 120–10–10, Colo.Rev.Stat.1957.[2] The Government concedes that of the $600 paid to the Taxpayer, $282 was used for uniform maintenance expenses, so the only issue is whether the $318 remaining is excludable from Taxpayer's Income Tax Return under Sec. 119, supra. Treasury Regulation, Sec. 1.191–1, provides:

Treasury Regulations on Income Tax (1954 Code):

*Sec. 1.119–1* (as amended by T.D. 6745, 1964–2 Cum.Bull. 42). *Meals and lodging furnished for the convenience of the employer.*

(a) Meals—(1) *In general.* The value of meals furnished to an employee by his employer shall be excluded from the employee's gross income if two tests are met: (i) The meals are furnished on the business premises of the employer, and (ii) the meals are furnished for the convenience of the employer. The question of whether meals are furnished for the convenience of the employer is one of fact to

1. Internal Revenue Code of 1954:
   § 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER.
   There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—
   (1) in the case of meals, the meals are furnished on the business premises of the employer, or
   (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.
   In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation.
   (26 U.S.C. 1964 ed., Sec. 119.)

2. Sec. 120–10–10, Colorado Revised Statutes, 1953:
   (2) In addition to the compensation provided by subsection (1) of this section and by the provisions of other laws concerning civil service, and because of the number of hours and the extraordinary service performed by members of the Colorado state patrol, each member of such patrol, and each member of the administrative staff of such patrol, shall be reimbursed for maintenance and ordinary expenses incurred in the performance of his duties, in such amount as shall be determined by the Colorado State patrol board, provided that the amount so authorized for any such member of the patrol or staff shall not exceed the sum of fifty dollars per month.

be determined by analysis of all the facts and circumstances in each case. If the tests described in subdivisions (i) and (ii) of this subparagraph are met, the exclusion shall apply irrespective of whether under an employment contract or a statute fixing the terms of employment such meals are furnished as compensation.

The Colorado State Patrol is a department of the state government of Colorado and has the duty of enforcing the laws of Colorado pertaining to highways and vehicles.

The Patrol consists of the Chief of the Patrol and the Deputy Chief, eight captains, twenty-two lieutenants, thirty sergeants, and two hundred seventy-five patrolmen. These members of the patrol are what is referred to as uniformed members.

The pertinent facts reveal that each highway patrolman is required to take his meals while on duty and is required to eat his meals at a restaurant adjacent to a highway, which restaurant does not serve alcoholic beverages, but if none is available, the patrolman is required to eat at a restaurant where food and beverage departments are separate, and the meal has to be taken in the food department; the patrol headquarters must be advised by the patrolman where the meal is being taken so that the patrolman can be contacted by headquarters, if need be. This requirement is made to insure the public safety through the officer's physical presence in the area, his availability for call to an emergency, so that he can report accidents and be available to the public for information on the traffic laws, directions, safety, and other matters involving the traveling public. On various occasions patrolmen have been required to leave their meals when interrupted to go to an accident, or other type of emergency, and to give road conditions and other advice and deal with the public generally during meal time. The patrolmen, when eating a meal at a restaurant adjacent to a highway, where they must eat it, must park their patrol vehicles along the edge of the highway where it is in plain view of the traveling public and the public thereby notified of the presence of the patrolman in the area. The business premises of the State of Colorado in a case such as this are the highways of the State, and the general duties of the patrol are the enforcement of laws of the State on these highways. The meals taken by the patrolmen adjacent to the highway, of course, under the very circumstances could not be furnished in kind, but the patrolmen were reimbursed in part at least by the $50 provided by the Colorado law, and this law was intended to be an expense reimbursement, necessitated by the very duties of the patrol. The facts further show that each patrolman is on call twenty-four hours a day and is required to advise headquarters of his whereabouts so that he can be contacted during his off hours. He is also on call during vacation and is never free from the commitments of his employment. The facts show that the $50 per month allowance for meals and for uniform maintenance actually does not cover the cost of such meals and uniform maintenance. Because of the bookkeeping expenses and procedures involved for the reimbursement of expenses, the patrolmen have never submitted vouchers of actual expenses for reimbursement. The legislature and the patrol felt, and the Court so finds, that the bookkeeping expenses would only be an extra burden, and that it was best that the patrolmen be allowed the flat sum of $50 per month. On occasions when a patrolman is required to temporarily travel in other districts and be away from permanent base, a claim for reimbursement of expenses is made; however, the patrolman receives no reimbursement for the first meal taken on the road; the first meal is taken care of by the $50 a month maintenance allowance. The $50 so paid to the patrolmen for subsistence and maintenance of uniforms is free from state taxes and is likewise free from payment into the retirement fund. When the highway patrol of Colorado recruits new patrolmen, the $50 per month is not quoted as being a

part of the compensation or salary of such new proposed patrolmen.

The Government makes the following contentions:

1. Payments to the Taxpayer are not excludable from his gross income under Section 119 of the Internal Revenue Code of 1954; and

2. Payments for lunches are not made for the convenience of the State of Colorado; and

3. Paying cash does not constitute furnishing meals; and

4. Public restaurants are not business premises of the State of Colorado.

The above contentions of the Government have been answered adversely to it, in United States of America v. Barrett, 321 F.2d 911 (C.A. 5), and United States of America v. Morelan, 356 F.2d 199 (C.A. 8).

In the Barrett case, supra, there was involved a tax for the year 1959, and it was decided under Section 119 of the Internal Revenue Code of 1954. In Barrett, supra, the taxpayers were employed by the Mississippi Highway Patrol and had a regular twelve-hour tour of duty in a wide territory. Each day on duty they took three meals at various restaurants on their route. The patrolmen had to advise their superiors when and where they stopped for food in order that they could be reached if needed. Since they were also subject to call during their twelve hours off duty and during vacations, there was no time when they were free from the demands of their employment. The taxpayers did not include in their income the amounts paid to them for the sums actually spent by each for subsistence, not to exceed the sum of $4 per day. The Commissioner assessed a deficiency against each of the plaintiffs, and these amounts were paid, and suit was brought for refund. From a judgment in favor of the taxpayers, the Government appealed.

The Government contended that the only possible basis for excluding these sums from income is Section 119 of the Internal Revenue Code of 1954, supra, and argued its case under three separate contentions:

1. The meals must be furnished on the premises of the employer; and

2. In kind; and

3. For the convenience of the employer.

In passing on these contentions the Court said:

"The Commissioner takes too narrow a view of what constitutes the 'business premises' of the Mississippi Highway Patrol. The major 'business' of this state law enforcement agency is not obviously confined to isolated station houses; rather, it covers every road and highway in the state twenty-four hours a day every day. In view of the special nature and functions of the highway trooper's work, it is unrealistic to treat the employer's place of business as limited to the state patrol headquarters. This criterion, therefore, is not decisive against the excludability of the sums here in question."

On the second proposition, the Court said:

"Second, we cannot agree that the meals furnished must invariably be in kind. A similar argument was made in Saunders v. Commissioner, 3 Cir. 1954, 215 F.2d 768."

The Court then went on to state that the second contention of the Government was not necessarily applicable to the facts involved.

The third contention of the Government to the effect that the meals furnished were not for the convenience of the employer is answered in Barrett, supra, as follows:

"We find ourselves in accord with Saunders: the 'convenience of the employer' test is the key criterion in determining whether or not payments are income. In that case as in this, the sums in question were in addition to the trooper's fixed statutory compensation. The patrolmen were re-

quired to eat meals along their regular routes so that the patrol areas would not be unguarded during mealtime, and they were required to notify their headquarters where they were eating so that they could be reached in case of an emergency. The sums paid the patrolmen so that they could eat at restaurants on their tour of duty were thus primarily for their employer's benefit. The sums were, therefore, properly excluded from income."

The Barrett case in some particulars varies from the case we have before us for consideration. In the Barrett case the expenses for meals incurred while on duty were paid for by separate check issued by the State, and in order to receive this reimbursement the members of the patrol were required to submit an expense account showing the sums spent for each meal each day. In the case at bar the members of the patrol were not required to submit an expense account showing the actual expenses incurred each day. The evidence shows that it was financially to the interest of the State of Colorado that the $50 allowance for meals and uniform maintenance could best be handled by not requiring the expense account to show the actual expenses for each meal and for each cleaning of a uniform, et cetera. To require an itemization of these expenses would necessitate considerable bookkeeping and auditing, and result in an extra burden to the State by requiring such expense accounts. The undisputed facts in the case before the Court here are to the effect that the $50 allowance for meals and uniform expense was not sufficient to cover the actual expenses of the troopers which they incurred each month or during the entire year. The Court feels that the manner in which the State of Colorado handled the purported reimbursement to its troopers was done in a practical, business-like manner, and as any good businessman would do under the same circumstances. To require the state to do otherwise would be wasteful, imprudent, and not in accordance with good business practices. This Court does not believe that Congress intended any such result.

The Court is of the opinion and so finds that the $50 allowance made to the troopers of the Colorado State Patrol for meals while on duty and for the maintenance and care of their uniforms was fair and reasonable; was for the interest of the State of Colorado, the employer, and further finds that the sum of $50 per month as paid was not sufficient to defray the expenses which the troopers incurred, and the troopers actually suffered an economic loss by the arrangement.

The Court finds and concludes that the meals involved in this case and which are the subject of this controversy were furnished on the premises of the employer, as reasonably intended by the Statute and by Congress, and two, that such meals were furnished for the convenience of the employer, and three, under the circumstances it was not possible or practicable to furnish the meals in kind, but was practicable to reimburse the employee for meals which he ate while on duty and in the performance of his duties for the employer.

## JUDGMENT

Based upon the Opinion filed in this cause this date, it is the

Judgment, order, and decree of this Court that the plaintiffs have and recover of and from the defendant, The United States of America, the sum of $63.63, together with interest at the rate of six per cent per annum from the date plaintiffs paid said sum to the United States of America.