**UNITED STATES of America, Appellant,**

v.

**Daniel F. BARRETT and Margaret G. Barrett; Edgar B. Garner and Evelyn T. Garner, Appellees.**

**No. 19986.**

United States Court of Appeals Fifth Circuit.

Aug. 27, 1963.

Earl J. Silbert, Atty., Lee A. Jackson, David O. Walter, Karl Schmeidler, Attys., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., E. R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., Louis F. Oberdorfer, Asst. Atty. Gen., for appellant.

deQuincy V. Sutton, Meridian, William E. Logan, Gulfport, Miss., for appellees.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

In this case the district court held that amounts paid to members of the Mississippi Highway Patrol as reimbursement for the cost of meals purchased while on duty are not includable

in their gross income under Section 61 of the Internal Revenue Code of 1954. We affirm.

Barrett, an inspector-patrolman, and Garner, a patrolman, both employed by the Mississippi Highway Patrol, had a regular daily twelve-hour tour of duty in a wide territory. Each day on duty they took three meals at various restaurants on their route. The patrolmen had to advise their superiors when and where they stopped for food in order that they could be reached if needed. Since they were also subject to call during their twelve off-hours and during vacations, there was no time when they were free from the demands of their employment. On payday the state paid the taxpayers a fixed statutory salary and reimbursed them by separate check for various expenses, including meals, incurred while on duty. In order to receive this reimbursement, the members of the patrol were required to submit an expense account showing the sum spent for each meal each day. They were repaid only up to a maximum of four dollars a day for the amount certified as actually spent. In 1959 Barrett received $1,360 and Garner $1,149 in reimbursement for personal funds spent primarily for food.

Neither taxpayer included this sum in income, and the Commissioner assessed a deficiency of $287.02 against Barrett and $241.59 against Garner. These amounts were paid, and the two men then brought suit for refund. From a judgment in favor of the taxpayers, the Government now appeals.

The Government argues that the only possible basis for excluding these sums from income is Section 119 of the Internal Revenue Code of 1954, which stipulates:

"There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—(1) in the case of meals, the meals are furnished on the business premises of the employer * * *

In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation."

This, so the Government argues, sets up three criteria for excludability: The meals must be furnished (1) on the business premises of the employer, (2) in kind, and (3) for the convenience of the employer. The Government contends that the payments here involved do not meet either of the first two criteria. We disagree.

The Commissioner takes too narrow a view of what constitutes the "business premises" of the Mississippi Highway Patrol. The major "business" of this state law enforcement agency is obviously not confined to isolated station houses; rather, it covers every road and highway in the state twenty-four hours a day every day. In view of the special nature and functions of the highway trooper's work, it is unrealistic to treat the employer's place of business as limited to the state partol headquarters. This criterion, therefore, is not decisive against the excludability of the sums here in question.

Second, we cannot agree that the meals furnished must invariably be in kind. A similar argument was made in Saunders v. Commissioner, 3 Cir. 1954, 215 F.2d 768. In that case a trooper on the New Jersey State Police Force received a monthly cash food allowance in lieu of meals in kind. In rejecting the Government's argument the Third Circuit stated:

"[T]he rationale of the rule should make it applicable to determine the extent of gross income either when quarters and meals are furnished in kind or cash is paid in lieu thereof. * * * Admittedly, the payment of cash to an employee is normally compensatory and probably more obviously so than a payment in kind. Nevertheless, just as an employee

is often furnished tangible property which cannot be regarded as compensation, an employee may be furnished cash which is not compensation." 215 F.2d at 771.

The same considerations which guided the Court in Saunders obtain here. In Saunders the New Jersey patrolmen did in fact expend their entire compensation for meals while on duty. The taxpayers here were reimbursed only for money actually spent (no more than four dollars a day for three meals), and in order to obtain this money, they had to submit vouchers detailing the sums spent for each meal each day. This fact distinguishes the present case from Magness v. Commissioner, 5 Cir. 1957, 247 F.2d 740, cert. denied 355 U.S. 931, 78 S.Ct. 412, 2 L.Ed.2d 414 and Huslope v. Commissioner, 21 T.C. 131 (1953), on which the Commissioner relies. In Magness the highway patrolman was paid $4.50 per day for meals whether he was on duty or on vacation and regardless of whether he actually spent that much for his meals. In Hyslope an Indiana State Trooper received a flat monthly sum of seventy dollars to cover meal expenditures. He was not required to submit vouchers substantiating this expense, but received the same amount each month, regardless of whether he spent more or less than that. Neither case compels a result different from the one we reach here. Indeed, in Magness our decision was predicated in part upon that very lack of correlation between reimbursement and expenditures which was present in Saunders. See Magness v. Commissioner, 247 F.2d at p. 744.

We find ourselves in accord with Saunders: the "convenience of the employer" test is the key criterion in determining whether or not payments are income. In that case as in this, the sums in question were in addition to the trooper's fixed statutory compensation. The patrolmen were required to eat meals along their regular routes so that the patrol areas would not be unguarded during mealtime, and they were required to notify their headquarters where they were eating so that they could be reached in case of an emergency. The sums paid the patrolmen so that they could eat at restaurants on their tour of duty were thus primarily for their employer's benefit. These sums were, therefore, properly excluded from income.

The Judgment is affirmed.