**UNITED STATES of America,
Appellant,**

v.

**Howard M. KEETON and Hazel L.
Keeton, Appellees.**

**No. 9215.**

United States Court of Appeals
Tenth Circuit.

Oct. 10, 1967.

Richard C. Pugh, Washington, D. C. (Mitchell Rogovin, Lee A. Jackson and Edward Lee Rogers, Washington, D. C., were with him on brief), for appellant.

John B. Barnard, Denver, Colo., for appellees.

Before MURRAH, Chief Judge and JONES * and HILL, Circuit Judges.

PER CURIAM.

Section 119 of the Internal Revenue Code of 1954 pertinently provides that "There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—(1) in the case of meals, the meals are furnished on the business premises of the employer * *."

In this suit for refund under 1346(a) (1), the sole question is whether Section 119 is applicable to exclude from gross income a monthly cash allowance paid by the State of Colorado to a highway patrolman to defray his expenses incurred for meals required to be consumed at public restaurants adjacent to the public highways while on duty. The Government asserts: (1) that only meals furnished in kind are excludable under

* Of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

Section 119; (2) that public restaurants located adjacent to the highways in which the patrolman ate while on duty were not the "business premises" of the State of Colorado; and (3) that the cash allowance was not paid to the patrolman for the "convenience" of the State. Relying upon the authority of United States v. Barrett, 321 F.2d 911 (5 CA); and United States v. Morelan, 356 F.2d 199 (8 CA), the trial court rejected the Government's contentions and entered judgment for the taxpayer. 256 F.Supp. 576.

The facts of our case are admittedly indistinguishable from the Fifth and Eighth Circuit cases. Suffice it to say that we agree with the reasoning of those cases and affirm the judgment of the trial court.