Michael A. Tougher, Jr., and Amelia L. Tougher, Petitioners *v.* Commissioner of Internal Revenue, Respondent

Docket No. 4335–67.    Filed February 6, 1969.

*H. Thomas Kay, Jr.*, for the petitioners.
*Aaron S. Resnik*, for the respondent.

[2] See concurring opinion of Judge Withey in *Hagen Advertising Displays, Inc.*, 47 T.C. at 150, 151.

738

740

OPINION

RAUM, *Judge:* Petitioners seek the benefit of section 119 of the 1954 Code [2] in respect of supplies (primarily groceries) purchased by Mrs. Tougher at the FAA commissary for family use. It should be noted at the outset, first, that personal, living, and family expenses are generally not deductible from gross income, sec. 262, and, second, that section 119 deals with *exclusions* from gross incomes, not deductions therefrom. In our view, section 119 does not authorize petitioners

---

[2] SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER.

There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—
    (1) in the case of meals, the meals are furnished on the business premises of the employer, or
    (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.

In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation.

to subtract from Mr. Tougher's reportable wages the expenditures which Mrs. Tougher made at the commissary for family supplies.

It is important to bear in mind the history of the statutory provisions involved. Prior to 1954 there was no statute whatever specifically dealing with the problem. However, a line of cases and rulings had developed in which the value of lodging or meals furnished by an employer to his employee in one set of circumstances or another was held not to represent income to the employee under the general provisions of the law defining gross income.[3] Not only was the furnishing of such tax-free benefits susceptible of abuse, but there was such confusion as to the proper test to be applied to determine the tax-free status of meals and lodging that section 119 was inserted in the 1954 Code to set forth with specificity the restrictive conditions under which such unusual benefits would be available.[4] It is clear, not only from the language of section 119 but also from the legislative history, that section 119 was designed to deal with the problem whether the value of meals and lodging furnished to an employee in kind [5] was to be treated as *additional* compensation rather than with any question as to whether the employee might be entitled to a *deduction* from gross income on account of expenditures made by him for meals and lodging. Accordingly, it would seem that section 119 from its very nature does not apply here. There would appear to be no basis for an "exclusion" from gross income on the facts of this case; petitioners are really not seeking to prevent the Commissioner from adding the cost of the groceries in question to Mr. Tougher's wages; rather, they are in fact seeking a *deduction* from those wages on account of their commissary expenditures—a matter that is not dealt with at all in section 119. However, because of the considerations outlined below in the footnote [6] we do not rest our decision on this ground, and hold that

[3] In determining whether the value of such meals or lodging furnished in kind should be added to the employee's gross income, emphasis was sometimes placed upon whether they were furnished for the convenience of the employer, and at times upon whether they were intended as additional compensation to the employee. See, e.g., O.D. 265, 1 C.B. 71; T.D. 2992, 2 C.B. 76; O.D. 915, 4 C.B. 85; *Jones* v. *United States,* 60 Ct. Cl. 552; T.D. 4965, 1940–1 C.B. 13; Mim. 5023, 1940–1 C.B. 14; Mim. 6472, 1950–1 C.B. 15. See generally, *Saunders* v. *Commissioner,* 215 F. 2d 768, 772–775 (C.A. 3); Gutkin and Beck, "Some Problems in 'Convenience of the Employer,'" 36 Taxes 154.

[4] See H. Rept. No. 1337, 83d Cong., 2d Sess., p. 18, A38–A39; S. Rept. No. 1622, 83d Cong., 2d Sess., p. 190–191; *Gordon S. Dole,* 43 T.C. 697, 707–708 (concurring opinion), affirmed per curiam on that concurring opinion, 351 F. 2d 308 (C.A. 1).

[5] S. Rept. No. 1622, 83d Cong., 2d Sess., states (p. 190): "Section 119 applies only to meals or lodging *furnished in kind.*" (Emphasis supplied.) See also H. Rept. No. 1337, 83d Cong., 2d Sess., p. A39.

[6] In *J. Melvin Boykin,* 29 T.C. 813, an employee-physician was required to occupy quarters at his employer's hospital and to pay a fixed rental therefor which was deducted from his basic salary. This Court's holding that the employee's payment of such rental did not qualify for exclusion under sec. 119 was reversed in 260 F. 2d 249 (C.A. 8); the Commissioner acquiesced in the reversal, Rev. Rul. 59–307, 1959–2 C.B. 48, and subsequently promulgated new regulations reflecting such acquiescence, 1964–2 C.B. 42. In *Boykin* the mandatory withholding of a fixed amount for rent from the employee's formally designated salary could be regarded in substance as restating his true salary to be the diminished

petitioners are not entitled to prevail for the simple and obvious reason that petitioner's employer did not furnish him with any "meals."

Thus, wholly apart from the difficulties arising from the problem whether the sale of meals for a charge constitutes "furnishing" such meals to an employee, we think it clear that the sale of groceries is not the equivalent of furnishing "meals." It is hornbook law that unless there is a compelling reason to the contrary the words of a statute must be given their ordinary and usual meaning. We think it puts too much strain on language to treat the word "meals" as meaning a sack of groceries and some other household supplies purchased at the commissary for family consumption or use at home.

The word "meals" connotes to us food that is prepared for consumption at such recognized occasions as breakfast, lunch, dinner, or supper, or the equivalent thereof. It does not ordinarily mean a bag of potatoes, a tin of coffee, a box of salt, a can of peas, 10 pounds of flour, a package of rice, a bottle of ketchup, a jar of mayonnaise, or an uncooked chicken. To be sure, these items, or portions of some of them, can be processed and combined with other items so as to produce "meals," but in their raw form they are not ordinarily regarded as meals, and in the absence of persuasive evidence pointing in the other direction, it is our judgment that Congress did not use the term "meals" in that sense. In fact the emphasis in section 119 on the "convenience of the employer" suggests added support for giving the term "meals" its ordinary meaning. When an employer furnishes a "meal" in its normal sense, he can control the time, place, duration, value, and con-

amount thereof, and the employer could be regarded as furnishing the employee the lodging in kind. As thus interpreted, the reversal in *Boykin* is not inconsistent with what is suggested above, and, indeed, the newly promulgated regulations appear to be based upon such rationalization. For, the new regulations provide that where "the employer furnishes the employee lodging for which the employee is charged an unvarying amount irrespective of whether he accepts the lodging," the amount of the charge is not treated as part of the employee's compensation, and whether the value of the lodging furnished is excludable from the employee's gross income depends upon whether it satisfies the various other requirements of the statute. Income Tax Regs., sec. 1.119–1(b). It was undoubtedly pursuant to these provisions that the Commissioner permitted petitioners to reduce Mr. Tougher's compensation by the amount that was required to be withheld from his wages on account of the rent for his house. The regulations contain similar provisions relating to meals. Income Tax Regs., sec. 1.119–1(a)(3)(ii). Cf. *William I. Olkjer*, 32 T.C. 464, where a fixed amount was deducted from the employee's salary for meals, lodging, and other facilities. No such fixed amounts were deducted here from Mr. Tougher's salary for meals. Indeed, he was not even required to shop at the commissary or to purchase food at any fixed amount, and the purchases were paid for in cash (although on a monthly basis) as they would be at any other supermarket in the United States. Although possibly inconvenient and not always feasible, he could, and at times in fact did, obtain food from other sources, at least to some extent.

However, because of the general confusion in this field we do not rest our decision on this point, particularly since in our view the supplies purchased at the commissary do not qualify as "meals" under the statute in any event. We note also that the confusion in this area has been enhanced rather than cleared up by the cases dealing with the question whether cash allowances for meals paid to highway patrolmen are excludable under sec. 119. Cf. *United States* v. *Morelan*, 356 F. 2d 199 (C.A. 8) ; *United States* v. *Barrett*, 321 F. 2d 911 (C.A. 5) ; *Keeton* v. *United States*, 256 F. Supp. 576 (D. Colo.), affirmed per curiam 383 F. 2d 429 (C.A. 10) ; but cf. *Wilson* v. *United States*, 292 F. Supp. 200 (D.N.H.).

tent of the meal to suit his convenience. These elements of potential control, which are strong evidence that the employer's convenience is involved, are lacking in a case such as this one, where the employee merely purchases groceries. Thus it is quite consistent with legislative intent not to extend the term "meals" to include groceries.

It is true that in *Charles N. Anderson*, 42 T.C. 410, reversed on other grounds 371 F. 2d 59 (C.A. 6), milk and certain minor supplies taken from the employer's kitchen were treated as meals, but this Court made it abundantly clear that the Government did "not argue that the milk and groceries furnished were not meals within the meaning of section 119," 42 T.C. at 418. And the decision of this Court was based merely upon the *assumption, without adjudication*, that food supplies could constitute meals. We are now squarely faced with the question for the first time, and we hold that the groceries purchased by the taxpayers did not qualify as "meals" under the statute. Moreover, it is to be noted that the employer furnished food items in kind in *Anderson*, and to the extent that the employer merely reimbursed the employee for food purchased by the latter it was held that section 119 did not apply. It seems clear that *Anderson* is not authority for the petitioners' position herein.

We do not pause to consider various other knotty problems that are suggested by this case—e.g., whether meals furnished to the wife and children of the employee qualify as meals "furnished to him," cf. *Armstrong* v. *Phinney*, 394 F. 2d 661, 664 (C.A. 5). We hold merely that the supplies purchased at the commissary were not meals within the meaning of the statute.

*Decision will be entered for the respondent.*