**Robert J. KOWALSKI and Nancy A. Kowalski, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 76–1312.**

United States Court of Appeals, Third Circuit.

Argued Oct. 22, 1976.

Decided Nov. 11, 1976.

Carl B. Cordes, Battle, Fowler, Lindstone, Jaffin, Pierce & Kheel, New York City, for appellants.

Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, William A. Friedlander, Alfred S. Lombardi, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Before ALDISERT and GIBBONS, Circuit Judges, and McGLYNN, District Judge.*

OPINION OF THE COURT

PER CURIAM.

The central question for decision is whether amounts advanced to the taxpayer, a New Jersey State trooper, as a meal allowance may be excluded from his gross income. The United States Tax Court, in a split in banc decision, ruled in favor of the Commissioner. The taxpayer has appealed. We reverse.

The precise issue, albeit presented prior to 1954 when section 119 [1] was added to the Code, was decided by us in *Saunders v.*

---

* Joseph L. McGlynn, Jr., of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. 26 U.S.C. § 119. *Meals or lodging furnished for the convenience of the employer*

There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—

(1) in the case of meals, the meals are furnished on the business premises of the employer, or

(2) in the case of lodging, the employer is required to accept such lodging on the busi-

*Commissioner,* 215 F.2d 768 (3d Cir. 1954), in which we ruled in favor of the New Jersey State troopers and reversed 21 T.C. 630 (1954). Although not presenting the precise issue, *Jacob v. United States,* 493 F.2d 1294 (3d Cir. 1974), gave continued vitality to the *Saunders* rationale. Speaking through Judge Van Dusen, in *Jacob* we said:

> Our position finds support in the so-called "state trooper" cases, in which courts have held that state troopers are entitled to exclude under § 119 the amount of cash allowances for meals taken at roadside restaurants. See *United States v. Keeton,* 383 F.2d 429 (10th Cir. 1967); *United States v. Morelan,* 356 F.2d 199 (8th Cir. 1966); *United States v. Barrett,* 321 F.2d 911 (5th Cir. 1963); *Saunders v. Commissioner of Internal Revenue,* 215 F.2d 768 (3d Cir. 1954);[6] but see *Wilson v.*
>
> [6] *Saunders, supra,* involved facts arising prior to 1954 when § 119 was added to the Internal Revenue Code, but the reasoning of *Saunders* was followed in the above-cited post-1954 cases.
>
> *United States,* 412 F.2d 694 (1st Cir. 1969). While these cases are not exactly on point,[7] they nevertheless show that
>
> [7] In the "state trooper" cases, the courts have focused principally on the meaning of the provision in Treasury Regulation § 1.–119–1(c)(2) that "the exclusion provided by section 119 applies only to meals and lodging furnished in kind by an employer to his employee." Despite this "in-kind" language, the courts have held that cash allowances for meals are excludable from the state troopers' income. The Commissioner argues that this "in-kind language nevertheless, precludes a conclusion in the instant case that groceries can constitute meals. We disagree. If the furnishing of cash allowances is properly excludable under § 119, then the furnishing of groceries, under the facts of this case, should be excludable also.
>
> courts have focused primarily on the "convenience of the employer" test in determining whether an employee is entitled to an exclusion under § 119 and have construed the term "meals" broadly in

order to give effect to the basic purpose and spirit of § 119.[8]

[8] In *Saunders, supra,* this court stated, in considering the principles which had evolved prior to the enactment of § 119, that "the rationale of the rule should make it applicable to determine the extent of gross income either when . . . meals are furnished in kind or cash is paid in lieu thereof." 215 F.2d at 771. The court also stated that the convenience of the employer was the key criterion in determining whether the cash allowances were excludable. *Id.* at 772.

493 F.2d at 1297.

We have not been persuaded to depart from the position taken by this court from 1954 to 1974. We adhere to our reasoning in *Saunders* and *Jacob* and align ourselves with the Fifth, Eighth, and Tenth Circuits.

Accordingly, and for the reasons set forth in the dissenting opinion of Judge Sterrett in *Kowalski v. Commissioner,* 65 T.C. 44 (1975),[2] we will reverse the decision of the United States Tax Court.

ness premises of his employer as a condition of his employment.

In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employ-

ment shall not be determinative of whether the meals or lodging are intended as compensation.

2. Five other judges of the United States Tax Court agreed with Judge Sterrett's dissenting opinion.