**Morgan P. KOERNER and Juanita B. Koerner, who Individually and as Class Representatives of all members of the West Virginia Department of Public Safety, and their spouses, Appellees,**

v.

**UNITED STATES of America, Appellant.**

**No. 76–1495.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 9, 1976.

Decided Feb. 28, 1977.

---

William A. Friedlander, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Washington, D. C., John A. Field, III, U. S. Atty., Charleston, W. Va., Raymond L. Hampton, II, Asst. U. S. Atty., Huntington, W. Va., Gilbert E. Andrews and Alfred S. Lombar-di, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief), for appellant.

Edward V. Lee, Huntington, W. Va., for appellees.

Before CRAVEN, RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

Plaintiffs are members of the West Virginia Department of Public Safety, commonly known as State police. Under West Virginia law, they are provided a subsistence allowance for each working day, in lieu of housing, quarters and rations.[1] On the joint returns filed for the years 1967, 1968 and 1969, plaintiffs included these payments in their gross income, but subsequently filed amended returns for the years in issue, claiming an overpayment in taxes for each year based upon their erroneous treatment of the subsistence payments as income. The Commissioner of Internal Revenue denied the claims for refund on the ground that such payments were income and not excludable.[2] Thereafter, plaintiffs filed this refund action.[3] The District Court entered judgment in favor of the plaintiffs and the United States appealed. We reverse.

It is settled that deductions from income for federal tax purposes exist only as specifically authorized by statute;[4] and statutes authorizing such deductions are to be strictly construed.[5] The right to exclude from gross income "the value of any meals or lodging furnished to [an employee] by his employer for the convenience of the em-

---

1. After suit was filed, plaintiffs were allowed, without notice to the United States, through amendment of their complaint, to proceed both individually and as representatives of a class consisting of all the members of the State police in West Virginia. The United States claims error in allowing the action to proceed as a class action. We are inclined to agree with such contention, see, *Lipsett v. United States* (S.D.N.Y.1965) 37 F.R.D. 549, 552, app. dism. 359 F.2d 956, but, since we find that the claims of the plaintiffs are without merit, it is unnecessary to resolve this claim of error.

2. Plaintiffs were denied a refund only for 1967 and 1969; the Commissioner inadvertently refunded the amount claimed for 1968.

3. 28 U.S.C. § 1346(a)(1).

4. *Commissioner of Internal Revenue v. Jacobson* (1949) 336 U.S. 28, 49, 69 S.Ct. 358, 93 L.Ed. 477; *Helvering v. Northwest Steel Mills* (1940) 311 U.S. 46, 49, 61 S.Ct. 109, 85 L.Ed. 29.

5. *Bingler v. Johnson* (1969) 394 U.S. 741, 751–2, 89 S.Ct. 1439, 22 L.Ed.2d 695; *Trustees of Graceland Cem. Imp. F. v. United States* (1975) 515 F.2d 763, 770, 206 Ct.Cl. 609.

ployer" is specifically limited by the Internal Revenue Code to meals "furnished on the business premises of the employer."[6] The phrase "furnished on the business premises of the employer" is neither vague nor indefinite; it is, as the Court said in *Wilson v. United States* (1st Cir. 1969) 412 F.2d 694 at 696, a phrase "of great specificity." The plaintiffs while engaged in their duties concededly are not furnished meals "on the business premises of the employer." The payments made to them by the State of West Virginia cannot consequently meet the clearly stated requirements for exclusion from gross income under the Internal Revenue Code. The District Court should, therefore, have entered judgment for the United States.

We realize that in directing judgment for the United States, we are going against decisions in the Third,[7] Fifth,[8] Eighth[9] and Tenth Circuits,[10] but, like the First Circuit,[11] we cannot read the plainly stated language of § 119 as authorizing the exclusion of these payments to the plaintiffs for "meals" from gross income. It may seem unfair to make the distinction between meals "furnished * * * on the business premises of the employer" and those provided elsewhere, but deductions from income depend entirely on legislative grace and not on principles of absolute fairness.[12] Actually, it is unlikely that a completely fair system of taxation could be formulated.

The judgment of the District Court is reversed and the cause is remanded for the entry of judgment in favor of the United States.

REVERSED.

**6.** § 119, 26 U.S.C.

**7.** *Kowalski v. Commissioner of Internal Revenue* (3d Cir. 1976) 544 F.2d 686; *Jacob v. United States* (3d Cir. 1974) 493 F.2d 1294; *Saunders v. Commissioner of Internal Revenue* (3d Cir. 1954) 215 F.2d 768.

**8.** *United States v. Barrett* (5th Cir. 1963) 321 F.2d 911.

**9.** *United States v. Morelan* (8th Cir. 1966) 356 F.2d 199.

**10.** *United States v. Keeton* (10th Cir. 1967) 383 F.2d 429.

**11.** *Wilson v. United States, supra,* 412 F.2d at 696.

**12.** *Commissioner of Internal Revenue v. Sullivan* (1958) 356 U.S. 27, 28, 78 S.Ct. 512, 2 L.Ed.2d 559; *Harper v. United States* (D.S.C. 1967) 274 F.Supp. 809, 813, *aff'd* (4th Cir.) 396 F.2d 223; *Harper Oil Company v. United States* (10th Cir. 1970) 425 F.2d 1335, 1342.