GEORGE A. AND MARJORIE M. TURNER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 457–75.   Filed April 21, 1977.

George A. Turner, pro se.
*Lawrence G. Becker,* for the respondent.

SIMPSON, *Judge:* The Commissioner determined a deficiency in the petitioners' 1972 Federal income tax in the amount

of $184.98. The only issue for decision is whether the petitioner may exclude or deduct from income under section 119, I.R.C. 1954,[1] the amounts he paid for utilities, carpeting, and a heater for a home furnished for the convenience of his employer.

FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

The petitioners, George A. Turner and Marjorie M. Turner, husband and wife, resided in California when they filed their timely petition herein. They timely filed a joint Federal income tax return for 1972 with the Internal Revenue Service Center, Ogden, Utah. Mr. Turner will sometimes be referred to as the petitioner.

From June 1969 through 1972, the petitioner was employed as a welder by American Forest Products Corp., a sawmill. He was the only welder employed by the sawmill in its maintenance shop and was required to be available for call 24 hours a day. The sawmill, for its convenience, required the petitioner to live in a house furnished by it and located within the Sequoia National Forest. As a rental charge, the sawmill deducted $306 from the petitioner's 1972 salary.

When the petitioner and his wife moved into the house, they found the flooring had been removed and the living room floor covered by tar paper. They made several requests to the sawmill to have new flooring put in, but since nothing had been done after a year, the petitioner purchased carpeting during 1972 at a cost of $266.16. The house was without a heater, and the petitioner purchased one during 1972 for $262.58. The sawmill did not provide the petitioner with utilities; the petitioner had to contact the utility companies and set up his own accounts with them. During 1972, he paid $283.89 for gas and $209.88 for electricity. He has received no reimbursement from the sawmill for the costs of the utilities, the heater, or the carpeting.

On their 1972 Federal income tax return, the petitioners deducted all of the costs paid by Mr. Turner in connection

---

[1] All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.

with the home, $1,328.51, which included the $306 rent deducted from his salary by the sawmill. In his notice of deficiency, the Commissioner disallowed $1,022.51 of such expenditures on the ground that the petitioner had failed to substantiate their payment, allowing him to deduct only the $306 rental payment. In an amended answer, the Commissioner raised the issue that the disallowed expenditures were not excludable or deductible under section 119.

### OPINION

The petitioner maintains that under section 119,[2] he was entitled to deduct the expenditures in issue.[3] As the Commissioner recognizes, he bears the burden of proving the inapplicability of section 119, because it was not until his amended answer that he alleged that the amounts in issue were neither excludable nor deductible under such provision. Rule 142(a), Tax Court Rules of Practice and Procedure.

In accordance with his position set forth in Rev. Rul. 68–579, 1968–2 C.B. 61, the Commissioner agrees with the petitioner that utilities or other commodities which are necessary to make a lodging habitable constitute "lodging" for purposes of section 119. Nevertheless, the Commissioner contends that the statute only applies to "lodging furnished * * * by * * * [the] employer" and the items paid for by the

---

[2] SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER.

There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—

* * *

(2) In the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.

In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation.

[3] Although the petitioner claimed a deduction for the costs at issue on his return and framed his case in terms of a sec. 119 deduction, such provision does not authorize any deductions. However, because the petitioner is without counsel, we have not disposed of the case on this ground; instead, we have treated his claim as one for the excludability of such amounts. See *Tougher v. Commissioner*, 51 T.C. 737, 744 (1969), affd. per curiam 441 F.2d 1148 (9th Cir. 1971), cert. denied 404 U.S. 856 (1971).

petitioner were not "furnished" by the sawmill. The Commissioner's position is well taken.

The sawmill did not pay for or provide the petitioner with utilities, carpeting, or a heater; indeed, in spite of his repeated requests, the sawmill refused to supply the flooring or the other items. Moreover, since the petitioner's employer did not reimburse him for such expenditures, there is no room for him to argue that, in substance, the sawmill "furnished" such items, an argument we specifically decline to pass upon. Cf. *Smith v. United States*, 543 F.2d 1155 (5th Cir. 1976) (holding meal reimbursements excludable under sec. 119); *United States v. Barrett*, 321 F.2d 911 (5th Cir. 1963) (same); *Wilson v. United States*, 412 F.2d 694 (1st Cir. 1969) (holding such reimbursements not to be excludable under sec. 119).[4] Thus, there is no basis for finding that the utilities and other items were furnished by the employer.[5]

The costs of obtaining utilities and furnishings for a home are ordinarily personal expenses which are not deductible under the tax laws. Sec. 262; sec. 1.262–1(b)(3), Income Tax Regs.; see also *Steele v. Commissioner*, a Memorandum Opinion of this Court dated Aug. 11, 1948 (costs of water and electricity for a personal residence are nondeductible personal expenses); *Daniels v. Commissioner*, T. C. Memo. 1976–177 (cost of household furnishings nondeductible personal expenses); *Donelan v. Commissioner*, T. C. Memo. 1971–66 (same). When such personal items are furnished by an employer under the conditions described in section 119, the Commissioner concedes that their value is not taxable; and when they are furnished by an employer for a charge, the Commissioner also recognizes that the amount of the charge may be excludable from income. See Rev. Rul. 68–579, *supra;* cf. sec. 1.119–1(a)(3)(i) and (b), Income Tax Regs.; *Wolf v. Commissioner*, an unreported opinion (4th Cir., June 8, 1959), revg.

---

[4] In addition, compare *Koerner v. United States*, 550 F.2d 1362 (4th Cir. 1977) (holding meal allowances not to be excludable under sec. 119), with *Kowalski v. Commissioner*, 544 F.2d 686 (3d Cir. 1976) (holding meal allowances to be excludable under sec. 119), revg. per curiam 65 T.C. 44 (1975), cert. granted Mar. 28, 1977; *United States v. Keeton* 383 F.2d 429 (10th Cir. 1967) (same); *United States v. Morelan*, 356 F.2d 199 (8th Cir. 1966) (same).

[5] See also *Inman v. Commissioner*, T. C. Memo. 1970–264 (held, utilities purchased by taxpayer not "furnished" by employer and hence not eligible for exclusion under sec. 119).

and remanding a Memorandum Opinion of this Court; *Boykin v. Commissioner*, 260 F.2d 249 (8th Cir. 1958), revg. 29 T.C. 813 (1958); *Olkjer v. Commissioner*, 32 T.C. 464 (1959). However, the exclusions provided by section 119 constitute an exception to the general rule, and since the personal items at issue in this case were not furnished by the employer, one of the conditions of section 119, there is no ground for allowing the petitioner to exclude them.

*Decision will be entered for the respondent.*