JOHN F. HORVATH AND ROSEMARIE F. GUADNOLO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Horvath v. Commissioner
Docket No. 3287-86.
United States Tax Court
T.C. Memo 1987-605; 1987 Tax Ct. Memo LEXIS 604; 54 T.C.M. (CCH) 1274; T.C.M. (RIA) 87605; December 9, 1987. Harvey J. Silverstone and Lawrence C. Rubin, for the petitioners. Joseph T. Ferrick, for the respondent. COHEN
MEMORANDUM OPINION COHEN Judge: Respondent determined a deficiency of $ 11,625.00 in petitioners' Federal income taxes for 1982 and an addition to tax of $ 1,162.50 under section 6661. [1] The deficiency resulted from disallowance of rental property expenses relating to two condominiums and of sales tax expenses claimed by petitioners. At the commencement of trial, respondent conceded the sales tax deduction disallowed in the statutory notice and also conceded *606 interest and real property taxes that were included among the disputed rental property expenses. Upon review of the post-trial briefs, we conclude that there is no dispute as to the essential facts and that the only ground now asserted by respondent in support of his determination is not properly before the Court. Thus it is not necessary for us to make detailed findings of fact. We describe the cirucmstances only as a predicate for our discussion of disposition of the case. Petitioners, both practicing lawyers, were residents of Chicago, Illinois, at the time they filed their petition. They filed a joint Federal income tax return for 1982, claiming rental expenses in relation to two resort condominium units, known as Unit 223C and Unit 2301, located in separate developments on Hilton Head Island, South Carolina. Shortly after purchase of each of the condominium units, petitioners put the units into rental programs managed by the condominium developers. In the statutory notice sent December 23, 1985, respondent disallowed expenses *607 relating to the condominiums, with the following explanation: 1a.) The allowable deduction for rental expenses is $ 369.00 instead of the $ 12,885.00 shown on your return for the taxable year ended December 31, 1982. You have not established that an amount in excess of that allowed was paid during the year, or if paid, was paid for the purposes indicated. Accordingly, your taxable income is increased $ 12,516.00. You have been allowed the following expenses as reasonable operating expenses. Item
Amount
Miscellaneous Expense - Condo Unit 223C
$ 369.00
1b.) The amount of $ 9,520.00 claimed as rental depreciation on your return is disallowed. It has not been established what the cost or other basis of these assets are or that they are depreciable. Accordingly, your taxable income is increased $ 9,520.00.
By notice served January 8, 1987, the case was set for trial in Chicago, Illinois, on June 8, 1987. Served along with the notice was a Standing Pre-Trial Order directing, among other things, that the parties begin discussions no later than 20 days from the date of the notice for purposes of settlement and/or preparation of stipulation of facts; that *608 all facts be stipulated to the maximum extent possible; that documentary and written evidence be stipulated; and that documents not stipulated be identified in writing and exchanged by the parties 15 days before the call of the calendar. The order further directed the filing of a trial memorandum by each party no later than 15 days before the first day of the trial calendar. On May 20, 1987, respondent sent to the Court and served on petitioners his trial memorandum. The issues went set forth as follows: 1. Whether petitioners were engaged in a for-profit rental activity with respect to Unit 223C, a resort condominium purchased in September, 1981? 2. Whether petitioners were engaged in a for-profit rental activity with respect to Unit 2301, a resort condominium purchased in November, 1982? 3. Whether petitioners are allowed deductions for rental expenses in the amount of $ 12,516.00 as claimed per the return or in a lesser amount if substantiated. 4. Whether a substantial underpayment penalty under I.R.C. sec. 6661 should be assessed.
In the portion of the trial memorandum calling for a brief synopsis of legal authorities, respondent set forth the following: *609 I.R.C. Secs. 162, 183, 212
Treas. Reg. sec. 1.162-1
Respondent contends that petitioners were not engaged in carrying on a trade or business with respect to the rental activity. Petitioners have failed to establish that the purchase of the condominiums was motivated by a reasonable expectation of profit in the rental market.
Petitioners' trial memorandum was not timely; it was submitted only at the commencement of trial on June 16, 1987. It did contain, however, a detailed statement of facts upon which petitioners relied, supported by numerous exhibits, and a comprehensive memorandum of law responding to the issues previously identified by respondent. At the commencement of trial, the parties filed minimal stipulations, setting forth only jurisdictional facts and listing various exhibits. The Court inquired as to why there was no stipulation as to the amount of interest and taxes that petitioners would be entitled to deduct even if their other expenses were not allowable under section 183. See section 183(b). A brief recess was taken and the parties, for the first time, stipulated to the deductible amounts of interest *610 and taxes. Petitioners' opening statement summarized the reasons why they believed they could establish that they had an actual and honest profit objective in acquiring the condominiums. Respondent's opening statement asserted that -- the evidence will show that there was personal use during the year in question, 1982 with regards to unit 223C at the Hilton Head Island Beach and Tennis Resort. Because of this personal use, we believe that the Internal Revenue Code would provide allocation of these expenses, which when calculated would result in absolutely no deductions other than the interest or real estate taxes, which have already been stipulated to as being deductible. * * *
In addition to disputing petitioners' profit objective, respondent's counsel continued: It is our understanding, and we believe that evidence will show, that the rental program with respect to that unit was not in effect until 1983, so it is the respondent's theory that the asset that is in question here for depreciation deductions and other expenses was not even in use as a rental unit until the subsequent year. * * * The only witnesses at trial were petitioners, each of whom testified that they *611 acquired the condominiums for investment purposes. At the conclusion of the trial, the Court indicated that petitioner's testimony was credible and satisfied the requirements of the regulations and cases under sections 183 and 212. Acknowledging that respondent apparently intended to raise a couple of additional arguments, the Court ordered that petitioners' trial memorandum be treated as the equivalent of their opening brief; respondent was directed to file a brief with respect to the other issues; and petitioners were ordered to file an answering brief. in respondent's brief, he expressly concedes that the depreciation deductions claimed by petitioners on Unit 2301 are deductible. The brief identifies the remaining questions as follows: 1. Whether I.R.C. Section 280A(e)(1) requires that the rental expenses attributable to petitioners' condominium be allocated between personal and rental use, and limits the total expenses deductible to that portion considered rental? 2. Whether petitioners are liable for the additions to tax under I.R.C. Section 6661 for substantial understatement of income tax?
Respondent does not object in his brief to any *612 of the essential facts set forth in petitioners' trial memorandum. Respondent specifically does not object to a finding that petitioners purchased Unit 223C for current income as well as long-term appreciation of the property. That fact so conceded supports petitioner's deductions under section 212(2) and section 167(a)(2). Respondent requests additional findings of jurisdictional facts and the following: 64. Petitioners used Unit 223C for personal purposes for at least seven days during 1982. 65. Petitioners have failed to prove how many days, if any, that Unit 223C was rented out at a fair rental during 1982.
As "ultimate findings of fact" (as in paragraph 65, supra), respondent sets forth arguments relating to the evidence or the law, not appropriately subjects of findings of fact. See Rule 151(3). [2]
In their reply brief, petitioners argue that respondent may not raise, for the first time in its post-trial brief, the applicability of section 280a. Petitioners assert that the issue was not raised at trial. Petitioners also argue that inapplicability *613 of section 280A and of section 6661. At the time of his opening statement, on inquiry from the Court, respondent's counsel asserted that the belated reference to the necessity of allocating expenses based on personal use was attributable to his just learning that there was personal use at the time of receipt of petitioners' trial memorandum and that he previously had been told that there was no personal use of the condominium during 1982. No further explanation has been presented. No motion to amend the answer has been tendered. If it were established that petitioners' conduct was the cause for the untimeliness of the claim, we might be persuaded that respondent should be allowed to amend the answer. See Rule 41. No such showing has been made here, and the appropriate remedy has not been sought. In view of the assertions in respondent's brief (proposed finding 65, supra) about burden of proof, we infer that respondent has not sought to amend because, by doing so, he would be acknowledging that he has the burden of proof on this belated claim. See Rule 142(a); Turner v. Commissioner,68 T.C. 48, 50 (1977). Personal use of the condominiums in issue *614 is a logical area of inquiry during the course of an examination of petitioners' tax returns or during the course of preparation for trial and, absent a showing of misrepresentation by petitioners, we are unwilling to relieve respondent of the consequences of his lack of diligence. Petitioners were not given notice prior to trial that they were required to produce evidence of the actual number of days that Unit 223C was rented during 1982, and the actual number of days was not necessarily proven in relation to the profit objective issue raised prior to trial and actually tried by petitioners. [3]
*615 Neither petitioners nor respondent are without fault in these circumstances. They did not comply with the Standing Pre-Trial Order or with Rule 91(a). If they had, the case might well have been settled as, on review of the record, it should have been. Our general desire that our decisions reflect the correct result cannot, in this case, overcome our insistence that our proceedings be conducted with regularity and that the parties comply with their respective obligations. See generally Seligman v. Commissioners,84 T.C. 191, 198-199 (1985), affd. 796 F.2d 116 (5th Cir. 1986); Estate of Horvath v. Commissioner,59 T.C. 551, 554-557 (1973); see Aero Rental v. Commissioner,64 T.C. 331, 338 (1975); Riss v. Commissioner,57 T.C. 469, 474 (1971), affd. sub nom. Commissioner v. Transport Mfg. & Equip. Co.,478 F.2d 731 (8th Cir. 1973). [4]
*616 Because there is no remaining basis on which to find any deficiency, there can be not addition to tax under section 6661. Decision will be entered for the petitioners.
Footnotes
1. Except as otherwise noted, all section references are to the Internal Revenue Code as amended and in effect during the year in issue. ↩
2. Except as otherwise noted, all references to Rules are to the Tax Court Rules of Practice and Procedures. ↩
3. In their reply brief, petitioners argue that respondent's trial memorandum concedes actual rental of the condominium unit for 14 days during 1982. Respondent's brief ignores his own trial memorandum but gives two alternative computations, one assuming that there was no evidence of the days rented and one assuming that the unit was rented for 14 days. This exchange between the parties does not constitute a stipulation, and the assertions in the briefs are not otherwise evidence. See Rule 143(b), Tax Court Rules of Practice and Procedure.
Petitioners' reply brief also suggests that they are entitled to sanctions such as those provided by Rule 11 of the Federal Rules of Civil Procedure, but that they, "despite a considerable inquiry," have located no provision for comparable relief in this Court. Their inquirty obviously has been inadequate, but the circumstances of this case do not persuade us that they are entitled to any relief. See Note to Rule 33, Tax Court Rules of Practice and Procedures, 85 T.C. 1126↩; see also sec. 7430. 4. Our decision in this case not to reach out for a new issue is bolstered by the conclusion that neither brief adequately addresses the pertinent law, which, if adequately analyzed, would further demonstrate the prejudice to petitioners in not having advance notice of the issue so that all necessary evidence could be presented. See, e.g., Byers v. Commissioner,82 T.C. 919 (1984); Bolton v. Commissioner,77 T.C. 104 (1981), affd. 694 F.2d 556↩ (9th Cir. 1982).